■ JAMES H. SCHIMMENTI et al., Appellants, v PLY GEM INDUSTRIES, INC., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Wager, J.), entered July 5, 1988, which, upon a ruling dismissing the complaint at the close of the plaintiffs' case, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

In May 1983 the plaintiff James Schimmenti purchased a quantity of paneling manufactured by the defendant Ply Gem Industries, Inc. (hereinafter Ply Gem) and sold by the defendant Pergament Home Center, Inc. (hereinafter Pergament). While installing the paneling in a room in his house, Schimmenti began to experience respiratory difficulties. He visited his physician and received some medication which abated his symptoms.

In June 1983 Schimmenti sent a letter to Ply Gem's president requesting information about the paneling. He received a response which stated that the "paneling is made from a common garden variety plywood or particle board which we purchase from others and then coat with latex resins and earth pigments. The chemicals we use are non-toxic".

In October 1983 Schimmenti attempted to complete the paneling of the room but again experienced respiratory problems. He visited his physician who prescribed some medication. His condition did not improve and he was admitted to a hospital where he remained for five days.

At the trial, his doctor testified that he deduced that the paneling, which was treated with urea formaldehyde, had caused his respiratory problems. Another doctor, a lung spe-

cialist, testified that urea formaldehyde does cause symptoms like those Schimmenti developed. Portions of the deposition of a vice-president of Ply Gem were read into evidence, which disclosed that the paneling in 1983 did not contain warning stickers and the vice-president was familiar with "adverse effects" that could be attributed to urea formaldehyde.

At the close of the plaintiffs' evidence, the defendants moved to dismiss the complaint on the ground that the plaintiffs failed to prove a prima facie case. The trial court granted the defendants' motion and entered judgment in their favor. We now affirm.

Viewing the evidence in a light most favorable to the plaintiffs and giving them the benefit of every inference which could reasonably be drawn from the facts presented at trial (see, O'Neil v Port Auth., 111 AD2d 375, 376), by no rational process could the jury find in favor of the plaintiffs (see, Hylick v Halweil, 112 AD2d 400; Siegel, NY Prac § 402; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4401.05). The plaintiffs failed to demonstrate that the paneling was defective or not fit for the purpose for which it was intended; therefore, the cause of action based on an implied warranty was properly dismissed (see, Codling v Paglia, 32 NY2d 330, 338; see also, Friedman v Medtronic, Inc., 42 AD2d 185, 188). To support the plaintiffs' cause of action sounding in the breach of an express warranty, they had to show that there was an "affirmation of fact or promise by the seller, the natural tendency of which [was] to induce the buyer to purchase" and that the warranty was relied upon (Friedman v Medtronic, Inc. supra, at 190). It is clear that the letter from Ply Gem's president asserting that the company used nontoxic chemicals formed no part of the basis of the sale since the plaintiff James H. Schimmenti had already purchased the paneling when he received the letter. Therefore, the plaintiffs' cause of action based on express warranty was properly dismissed since they failed to show that the letter induced Schimmenti to purchase the paneling.

To establish a cause of action to recover damages for negligence, the plaintiff had to show that the defendants owed them a duty of care, that the defendants failed to exercise that duty, and that the failure to do so was the proximate cause of the injuries (see, 79 NY Jur 2d, Negligence, § 8). The plaintiffs contend that the duty owed to Schimmenti by the defendants was a duty to warn of the presence of the urea formaldehyde in the paneling and that this failure to warn proximately caused Schimmenti's injuries. However, assuming such a duty existed and that it was breached, the plaintiffs

failed to show that the absence of a warning on the paneling proximately caused the injuries. The plaintiff James H. Schimmenti did not present proof that he was allergic to urea formaldehyde or that the specific paneling that he came in contact with contained a dangerous amount of this chemical, if it contained any at all. There was evidence from Schimmenti's physician that he smoked two packs of cigarettes a day for 20 years prior to the time he was working on the paneling, that he was allergic to feather pillows, some mold and spores, and that he had a medical history of frequent colds, coughing mucous and wheezing. Further, when he removed the paneling in March or April 1984, he experienced no respiratory problems. Given the many possible causes of Schimminetti's injuries, the plaintiffs did not present sufficient proof to show that the paneling was a proximate cause of the injuries. Therefore, a prima facie case sounding in negligence was not adequately presented. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.