■ PAUL GUARINO, Appellant, v EXIDE CORPORATION, Defendant and Third-Party Plaintiff-Respondent. READER'S DIGEST ASSOCIATION, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered August 16, 1989, which, upon the granting of the motion by the defendant third-party plaintiff for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendant third-party plaintiff and against the plaintiff.

Ordered that the judgment is affirmed, with one bill of costs.

Viewing the evidence in a light most favorable to the plaintiff, and giving him the benefit of every inference which reasonably could be drawn therefrom (see, Schimmenti v Ply Gem Indus., 156 AD2d 658; McCloud v Marcantonio, 106 AD2d 493), we find that there was no rational process by which the jury could have returned a verdict in favor of the plaintiff (see generally, Blum v Fresh Grown Preserve Corp., 292 NY 241; Dooley v Skodnek, 138 AD2d 102). The evidence presented by the plaintiff totally failed to establish that the defendant third-party plaintiff was in any way responsible for his injuries, and the jury could have found for the plaintiff only by improperly resorting to sheer speculation and conjecture (see, Grillias v D'Arrigo Bros. Co., 144 AD2d 638; Hylick v Halweil, 112 AD2d 400). Inasmuch as the plaintiff failed to make out a prima facie case of liability, the Supreme Court acted properly in granting the motion for judgment as a matter of law made at the close of his case (see, e.g., Schimmenti v Ply Gem Indus., supra; Leiner v Howard's Appliance, 104 AD2d 634). Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.