08-1835-cv
Factory Associates & Exporters, Inc. v. Lehigh Safety Shoes Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand and ten.

PRESENT:   JOHN M. WALKER, JR.,
              PIERRE N. LEVAL,
              PETER W. HALL,
                          *Circuit Judges.*

_____

Factory Associates & Exporters, Inc.,

     *Plaintiff-Counter-Claimant-Defendant-Appellant,*

     v.                               No. 08-1835-cv

Lehigh Safety Shoes Co. LLC,

     *Defendant-Counter-Claimant-Counter-Defendant-Appellee.*

_____

For Appellant:           P AUL J. S WEENEY, (Rachel A. Abbott, of counsel, *on the brief*) Coughlin & Gerhart, LLP, Binghampton, New York.

For Appellee:           D AVID S. B LOOMFIELD, Jr., (David K. Orensten, of counsel, *on the brief*), Porter Wright Morris & Arthur LLP, Columbus, Ohio, and Albert J. Millus, Jr., of counsel, *on the brief*, Hinman, Howard & Kattell, LLP, Binghamton, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) granting partial summary judgment to the defendant and finding in favor of the defendant after a bench trial on the claim of breach of implied warranty of fitness for a particular purpose.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 4, 2008 judgment of the district court is **AFFIRMED**.

Factory Associates & Exporters, Inc. ("Factory Associates") appeals the February 4, 2008 judgment of the district court to the extent the court: (1) granted summary judgment for Lehigh Safety Shoes Co. LLC ("Lehigh") and dismissed all claims asserted in the original and amended complaints except for Factory Associates' claim of breach of implied warranty of fitness for a particular purpose; and (2) found in favor of Lehigh after a bench trial on the remaining claim. We assume the parties' familiarity with the factual background, procedural history and issues raised in this appeal. For the reasons that follow, we affirm the district court's judgment.

We review a district court's grant of summary judgment *de novo*. *N.Y. State Rest. Ass'n v. N.Y. City Bd. of Health*, 556 F.3d 114, 122 (2d Cir. 2009). "On appeal from a judgment after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo. Mixed questions of law and fact are also reviewed de novo." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 367 (2d Cir. 2008).

To prevail on a claim of breach of express warranty, a plaintiff must show "an 'affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase' and that the warranty was relied upon." *Schimmenti v. Ply Gem Indus., Inc.*, 549 N.Y.S.2d 152, 154 (App. Div. 1989) (internal alteration and citation omitted). To prevail on

a claim of breach of implied warranty of fitness for a particular purpose, a plaintiff must establish that "the seller had reason to know, at the time of contracting, the buyer's particular purpose for which the goods are required and that the buyer was justifiably relying upon the seller's skill and judgment to select and furnish suitable goods, and that the buyer did in fact rely on that skill." *Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*, 656 N.Y.S.2d 787, 790 (App. Div. 1997).

Factory Associates argues that an ambiguity exists "as to the existence and applicability of a binding limited warranty" because "the quotation and purchase order are silent on the limited warranty," and the district court erred by considering "extrinsic evidence outside of the 'four corners' of the quotation and purchase order" in granting summary judgment as to the express warranty claim. Factory Associates admitted, however, that it saw the "Promise Plus 6 Month Warranty" in the Lehigh catalogue from which it ordered the safety shoes at issue. Additionally, though the shoes were ordered in early 2002, Factory Associates did not complain of the alleged defects to Lehigh "until the end of 2003, beginning of 2004," which is well after the warranty had expired. On summary judgment, the district court did not err in considering Lehigh's "Promise Plus 6 Months Warranty," which was limited to the period of "six months (180 days) from the date of purchase" and stated that "[t]he warranty provided herein is in lieu of all other express warranties."[1] Based on the undisputed fact that Factory Associates knew of Lehigh's limited warranty and failed to complain about the safety shoes it purchased from Lehigh in the time

---

[1] Factory Associates argues on appeal that Lehigh's representations to a Factory Associates customer "tended to establish that Lehigh's limited warranty was actually directed at Factory Associates' Nigerian customers . . . and not binding on Factory Associates." This argument was not raised below, and we decline to entertain it.

prescribed by that limited warranty, summary judgment was properly granted to Lehigh on Factory Associates' breach of express warranty claim.

Regarding the claim for breach of implied warranty of fitness for a particular purpose, Factory Associates argues that the district court committed legal error by requiring it to prove that Lehigh knew or should have known that the shoes would be stored for over a year, despite the court's finding "that the particular purpose of the safety shoes was for use in Nigeria." According to Factory Associates, "the amount of storage time is wholly irrelevant under these facts," and "to the extent that storage conditions are deemed legally relevant, Lehigh, not Factory Associates[,] has the burden of proving an affirmative defense of misuse or misapplication." The district court, however, did not find "that the particular purpose of the safety shoes was for use in Nigeria." Rather, the court found that although "Defendant unquestionably knew that its shoes were being sold to Plaintiff for storage in [a] warehouse in Nigeria pending sale to . . . customers, . . . [w]hat is missing . . . is sufficient evidence . . . that Defendant knew that the shoes would sit in [the] warehouse for more than one year (during which time the soles might deteriorate)." Moreover, under New York law, Factory Associates, and *not* Leigh, has the burden of establishing the first element of its claim for breach of implied warranty of fitness for a particular purpose—*i.e.*, that Lehigh knew, or had reason to know, that Plaintiff planned to store shoes in Nigeria for more than one year. *See Saratoga Spa & Bath*, 656 N.Y.S.2d at 790. The district court found that "[t]he credible evidence before [it] demonstrate[d] that, prior to 2002, Plaintiff placed frequent orders with Defendant," which suggested that the shoes were not being stockpiled in a warehouse "and Defendant did not have reason to believe otherwise." Specifically with respect to the shoe order at issue, the court found that, as a result of Factory

4

Associates' change in the timing of its orders, "Defendant had reason to believe that the Nigerian stock would be largely depleted every four months or so." Based on these findings, the district court concluded that Factory Associates failed to demonstrate by a preponderance of the evidence that Leigh "had reason to know, at the time of contracting, that Plaintiff intended to store the shoes for well over a year in its Nigerian warehouse." That finding was not clearly erroneous.

Accordingly, the order of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk