■ EVELYN LEINER, Appellant, v HOWARD'S APPLIANCE OF COMMACK, INC., et al., Respondents. — In an action to recover money damages for loss of personal property based on negligence, strict products liability and breach of warranty, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated November 30, 1983, which dismissed the complaint against all defendants.

Judgment affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

Plaintiff commenced this action to recover the value of her furnishings and personal possessions which were destroyed in a fire. The alleged source of the fire was a defective gas barbecue. The defendants in the action included the manufacturer, distributor and retailer of the barbecue, the manufacturer of the gas tank and the vendor who had allegedly filled the tank. Plaintiff sought recovery on theories of negligence, strict products liability and breach of warranty.

During the trial, plaintiff testified as to the fire in the premises and thereafter sought to establish the value of her personal property through her own testimony. In an offer of proof, plaintiff's attorney stated that plaintiff would testify as to the date of purchase and the purchase price of each item, and the condition of each item immediately prior to the fire. Trial Term ruled that such testimony would be sufficient to establish a prima facie case of value with respect to clothing and personal effects. However, the court ruled that expert testimony would be required to establish a prima facie case of value with respect to furniture, art objects, jewelry, furs, appliances and the like.

In the face of the trial court's ruling, plaintiff's counsel announced that plaintiff would rest and decline to proceed with the trial, so that an immediate appeal could be taken to review the ruling without putting plaintiff to the time and expense required to complete the trial. No testimony was offered as to any alleged defect in the barbecue grill which would be considered a cause of the fire and plaintiff's resultant injury.

All defendants immediately moved to dismiss the complaint upon the ground that plaintiff had failed to prove a prima facie case, and upon the further ground of failure to prosecute, i.e., plaintiff's refusal to continue with the trial. The motions were granted, and a judgment was thereafter entered dismissing the complaint against all defendants. On her appeal from the judgment, plaintiff seeks reversal on the basis of the trial court's ruling on her offer of proof. For the reasons that follow, we affirm without determining whether that ruling was correct.

An appeal may be taken to the Appellate Division as of right from a final judgment (CPLR 5701, subd [a], par 1), and an appeal from a final judgment brings up for review, *inter alia,* evidentiary rulings made at trial (CPLR 5501, subd [a], par 3). Rulings made during trial are not separately appealable, even if reduced to the form of a written order; such rulings are reviewable only on appeal from a judgment after trial (*Brown v Micheletti,* 97 AD2d 529; *Kopstein v City of New York,* 87 AD2d 547).

In this case, plaintiff has technically complied with section 5701 (subd [a], par 1) by allowing a final judgment to be entered against her, and then appealing therefrom. However, the judgment was entered when plaintiff, faced with an adverse evidentiary ruling, simply refused to continue with the trial and rested, without having offered any evidence whatsoever on the issue of liability. Because plaintiff rested without having adduced sufficient evidence to establish a prima facie case on any of her causes of action, the judgment dismissing the complaint was proper and is affirmed, and we need not reach the question of the trial court's evidentiary ruling with respect to damages. Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.