■ RAYMOND H. SPRINGER et al., Plaintiffs, v KEITH CLARK PUBLISHING COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. CONSOLIDATED MASONRY CONTRACTORS et al., Third-Party Defendants-Respondents. [594 NYS2d 904] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Smyk, J.), entered March 31, 1992 in Broome County, which denied defendants' motion to vacate an order dismissing their third-party complaint.

In November 1985, in the course of his employment with third-party defendant Consolidated Masonry Contractors, Inc. (hereinafter Consolidated) and while working on the construction of an addition to the property of defendant Keith Clark Publishing Company (hereinafter Keith Clark), plaintiff Raymond H. Springer fell from scaffolding and was injured. In July 1988, plaintiffs brought this action against Keith Clark and the general contractor for the project, defendant Burton-Markoff Construction Company, Inc., alleging, to the extent relevant here, violations of Labor Law §§ 200, 240 and 241. Defendants answered and commenced a third-party action against Consolidated.

After issue was joined, Consolidated moved for summary judgment dismissing all claims against it and defendants moved to dismiss plaintiffs' complaint; significantly, defendants did not oppose Consolidated's motion to dismiss the third-party complaint. In turn, plaintiffs cross-moved for summary judgment on the issue of liability. In June 1990 Supreme Court, adopting Consolidated's memorandum of law as its decision, entered an order dismissing plaintiffs' complaint and also the third-party complaint.

Plaintiffs appealed to this Court. In an order entered March 25, 1991, we modified Supreme Court's order by reversing only so much thereof as dismissed the cause of action under Labor Law § 241 (6); the remainder of Supreme Court's order, including the dismissal of the third-party complaint, was affirmed (171 AD2d 914, 916). Although defendants did not cross-appeal from the portion of Supreme Court's order which dismissed their third-party complaint, they subsequently moved in February 1992 (the main action was scheduled for trial that month) to vacate that order on interest of justice grounds and pursuant to CPLR 5015, on the theory that this Court's reinstatement of a portion of the underlying complaint destroyed the basis for dismissal of the third-party complaint. Supreme Court denied the motion and defendants appeal.

CPLR 5015 allows a party to seek vacatur of a judgment or order based on "reversal, modification or vacatur of a prior judgment or order upon which it is based" (CPLR 5015 [a] [5]). Although this rule has been found to be an appropriate mechanism by which a third-party complaint, previously dismissed with the underlying complaint, may be reinstated (see, *Feldberg v Howard Fulton St.,* 44 Misc 2d 218, *affd* 24 AD2d 704, *lv dismissed* 16 NY2d 1041; *Ciminelli Constr. Co. v City of Buffalo,* 110 AD2d 1075, 1076, *appeal dismissed* 65 NY2d 1053), whether reinstatement should be granted remains none-

theless a matter within the sound discretion of the trial court *(see, P & K Marble v Pearce,* 168 AD2d 439). Before an order such as the one from which defendants appeal may be overturned as an abuse of that discretion, it must be abundantly clear that the foundation upon which dismissal of the third-party complaint was based has been completely destroyed by the intervening (in this instance appellate) order.

Defendants elected not to oppose Consolidated's original motion to dismiss the third-party complaint; they presented neither evidence nor arguments in opposition to the motion. Consequently, they are deemed to have admitted, with respect to the allegations made by Consolidated in support of its summary judgment motion, that there exists no material question of fact *(see, Kuehne & Nagel v Baiden,* 36 NY2d 539, 544). The allegations in the summary judgment motion included the absence of any fault on Consolidated's part. Because, at the time of the motion, the only remaining third-party claims sounded in negligence and common-law indemnity, these admissions constituted ample basis for the dismissal of the entire third-party complaint, separate and apart from any decision on the merits of plaintiffs' complaint.

It is also worth noting that Supreme Court's order contained nothing to indicate that its dismissal of the third-party complaint was predicated on dismissal of the underlying complaint. Furthermore, as this Court's reinstatement of plaintiffs' Labor Law § 241 (6) cause of action did not address the apportioning of liability between the third-party plaintiffs and Consolidated, it cannot be said to have completely destroyed the foundation upon which dismissal of the third-party complaint was based, namely, the finding that Consolidated was without fault. Therefore, CPLR 5015 does not mandate, nor does the interest of justice require, reinstatement of this third-party claim.

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.