(January 31, 2017)

■ HOLLYE D. POWELL, Appellant, v CITY OF NEW YORK, Respondent. [46 NYS3d 82]—

Appeal from judgment, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered May 1, 2015, upon reinstating a jury verdict in favor of defendant, dismissing plaintiff's complaint, unanimously dismissed, without costs.

The underlying action is for personal injury, based upon premises liability. The trial court granted plaintiff's posttrial motion pursuant to CPLR 4404 (a) to set aside the jury's verdict that defendant (the City) was negligent, but that its negligence was not the proximate cause of plaintiff's injuries. In a prior appeal, this Court reversed the trial court's order setting aside

the jury verdict and reinstated the defense verdict (116 AD3d 589 [2014]). We remanded the case to Supreme Court with a direction that the Clerk enter judgment dismissing the complaint. A judgment was entered by the County Clerk, Supreme Court, Bronx County on May 1, 2015. Plaintiff's appeal presently before us is from that May 1, 2015 judgment, entered at our direction. For the reasons that follow, we dismiss this appeal because the May 1, 2015 judgment is not appealable as of right (CPLR 5701 [a] [1]). CPLR 5701 (a) (1) specifies what appeals are appealable as of right to the Appellate Division; it provides in relevant part as follows: "An appeal may be taken to the appellate division as of right in an action, originating in the supreme court . . . 1. from any final . . . judgment except one entered subsequent to an order of the appellate division which disposes of all the issues in the action" (CPLR 5701 [a] [1]).

In the prior appeal, the City appealed the trial court's order entered November 9, 2012 setting aside the defense verdict. Although plaintiff responded to the City's appeal, she did not cross-appeal. Plaintiff argues that she could not have brought a cross appeal at that time because she prevailed in obtaining a new trial and was not aggrieved by the trial court's order in her favor. She contends that because there is now a judgment reinstating the defense verdict, she can challenge the evidentiary and other rulings that are subsumed in the May 1, 2015 judgment. The judgment that plaintiff seeks to appeal was, however, entered at our direction in connection with this Court's decision of a prior appeal and it disposed of all the issues in the action. Therefore, under CPLR 5701 (a) (1), plaintiff has no right to appeal the May 1, 2015 judgment. Were we to consider this appeal on its merits, this Court would be in the untenable position of reviewing its own order from the prior appeal. In addition, since the time for reargument of the prior appeal has elapsed, plaintiff's argument that we should treat this appeal as if it were a motion to reargue, is rejected.

Although an appeal from a final order or judgment of Supreme Court brings up for review, inter alia, certain evidentiary rulings made at trial (CPLR 5501 [a] [3]; see Leiner v Howard's Appliance of Commack, 104 AD2d 634, 635 [2d Dept 1984], lv denied 64 NY2d 603 [1985]), once this Court decides the issues raised on appeal and directs the Clerk of the court from which the appeal originated to enter judgment, such judgment finally disposes of all the issues in the action (CPLR 5701 [a] [1]; see also Rose v Bristol, 222 NY 11, 12 [1917]; Greenburgh Eleven Union Free School Dist. v National

*Union Fire Ins. Co. of Pittsburgh, Pa.*, 2 AD3d 109 [1st Dept 2003], *lv dismissed* 1 NY3d 622 [2004]). The judgment that the Clerk entered on May 1, 2015 was entered in accordance with and pursuant to an order of this Court (the Appellate Division) which "dispose[d] of all the issues in the action" (CPLR 5701 [a] [1]). Stated differently, the May 1, 2015 judgment is not a judgment of the trial court bringing up interlocutory issues for review (*compare* CPLR 5701 [a] [1] *with* 5501 [a]).

Once the jury verdict was rendered in favor of defendant, plaintiff made a posttrial motion to set aside the verdict and prevailed. The sole basis for her motion was that the jury's finding of no proximate cause was inconsistent with its finding of negligence on defendant's part. Plaintiff did not move to set aside the verdict based upon erroneous evidentiary rulings. Although as plaintiff correctly argues, there is no interlocutory appeal as of right from an evidentiary ruling during trial (*see* CPLR 5701 [a]; *Roman v City of New York*, 187 AD2d 390, 390 [1st Dept 1992]), plaintiff had the opportunity to raise legal arguments regarding the evidentiary rulings made by the trial court in support of her motion to set aside the jury's verdict. These issues could have also been raised to support her position in the prior appeal. Concur—Acosta, J.P., Renwick, Andrias, Saxe and Gische, JJ.