(June 6, 2017)

■ In the Matter of COMMUNITY RELATED SERVICES, INC. (CRS), Respondent, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants. [56 NYS3d 76]—

Appeal from order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 2, 2015, directing respondents to reimburse petitioner for improperly denied Medicaid claims in the amount of $7,458,017.98, unanimously dismissed, without costs.

This CPLR article 78 proceeding essentially seeks to enforce an administrative law judge's (ALJ) decision after a hearing, reversing a finding by the Office of the Medicaid Inspector General (OMIG) that petitioner committed "unacceptable practices" and that it was required to reimburse alleged overpayments from the Medicaid program. Petitioner, the only clinic providing outpatient alcohol and substance abuse services to Farsi-speaking Bukharian Jews from the Asian part of the Soviet Union, used "Code 10" for a number of years to identify the reason that their Medicaid billings were delayed. The ALJ reversed OMIG's determination on the basis of equitable estoppel, finding that for years OMIG, or other State entities involved in instructing petitioner or processing these claims, had accepted untimely claims coded in this manner. The ALJ determined that petitioner's use of Code 10 (a catchall administrative delay excuse), was not an unacceptable practice. In this CPLR article 78 proceeding, Supreme Court ordered that a special referee hear and report whether 103,054 unpaid Medicaid claims in the amount of $7,458,017.98 were withheld or denied because petitioner had used "Code 10" as the reason for the untimely filing of those claims. The Special Referee's recommendation, that it was "more likely than not," that the use of Code 10 was the reason for the denial, was confirmed by Supreme Court in its order entered January 30, 2014. In addition to granting judgment in favor of petitioner, confirming the ALJ, Supreme Court also directed entry of a money judgment against respondents for unpaid claims. A judgment was entered February 4, 2014, and amended on May 5, 2014. Respondents' motion to vacate the order entered January 30, 2014 and the amended judgment was denied by Supreme Court by order, entered July 16, 2014.

Respondents appealed Supreme Court's July 16, 2014 order (131 AD3d 890 [1st Dept 2015] [prior appeal]). The crux of

respondent's argument in the prior appeal was that Supreme Court had exceeded its jurisdiction in ordering a freestanding money judgment against respondents, which are State entities, and that only the Court of Claims could do so. A second argument advanced by respondents in connection with that prior appeal was that entry of a money judgment against them was not incidental to the relief sought by petitioners in this article 78 proceeding. Aside from these jurisdictional arguments, respondents did not otherwise challenge the sum confirmed by Supreme Court in its order or final judgment, nor did they raise any substantive arguments.

In deciding the prior appeal, this Court vacated the amended judgment and the portion of Supreme Court's order entered January 30, 2014 directing entry of a money judgment against respondents, replacing such language with a directive that respondents must "reimburse petitioner for improperly denied Medicaid claims, in the amount of $7,458,017.98" (*Community Related Servs.*, 131 AD3d at 890). In modifying Supreme Court, this Court decided that reimbursement was, in fact, "incidental to the primary relief sought by petitioner and granted" by Supreme Court, but that Supreme Court had "exceeded its jurisdiction in directing the entry of a money judgment against [the State]" (*id.* at 891, citing Court of Claims Act § 9 [4] and CPLR 5207). Accordingly, this Court modified the order only to the extent indicated, but "otherwise affirmed," without costs (131 AD3d at 890). In deciding the appeal, we directed the Clerk to "enter judgment accordingly" (*id.*). A new judgment dated October 23, 2015 was subsequently entered by the Clerk on November 2, 2015 (new judgment), effectuating this Court's order.

Respondents now appeal from the new judgment on the basis that they are aggrieved by it because it is the only "valid" final judgment to have been entered in this proceeding. They contend that the prior money judgment against the State was so deficient that it was void ab initio and, therefore, the substantive issues they now seek to raise could not have been raised by them in the prior appeal. In other words, they contend vacatur of the prior judgment allows them to now challenge Supreme Court's decision that respondents improperly withheld payment of petitioner's Medicaid claims. We disagree.

The prior appeal involved Supreme Court's order entered January 30, 2014, and the amended judgment; it resolved the issues in the case by ordering that petitioner "shall have judgment." The order entered January 30, 2014, judgment granted the petition and provided ancillary relief in the form of a money

judgment that petitioner could file and seek to enforce. Although this Court modified Supreme Court by directing a different procedure by which petitioner would obtain the ancillary relief (i.e., reimbursement of such money, not a money judgment), the ultimate relief, a final judgment in petitioner's favor, was unaffected and affirmed.

The entry of a new judgment effectuating this Court's decision on the appeal does not present respondents with a new opportunity to collaterally challenge the relief that this Court already determined that petitioners are entitled to, that is, payment of $7,458,017.98 in Medicaid claims that were unpaid because of the manner in which they were coded. Once the prior appeal was decided and this Court directed the Clerk to enter judgment effectuating our order, that new judgment entered November 2, 2015 was entered subsequent to an order of this Court disposing of all the issues in the action (CPLR 5701 [a] [1]; see *Powell v City of New York*, 146 AD3d 701, 702-703 [1st Dept 2017]). That new judgment entered at our direction was purely ministerial and cannot be collaterally attacked by respondents. The issue of whether respondents owe this money to petitioner has already been finally determined against them. Concur—Acosta, P.J., Richter, Manzanet-Daniels, Gische and Webber, JJ.