Imrie v Ratto (2022 NY Slip Op 04201)

Imrie v Ratto

2022 NY Slip Op 04201

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533059 533777
[*1]Daniel F. Imrie II, Respondent,
v
Andrew R. Ratto, Defendant, and Erie Insurance Company, Appellant. (Action No. 1.)
Daniel F. Imrie II, Individually and as Assignee of Andrew R. Ratto et al., Respondent,
v
Jeffrey D. Howard et al., Respondents, and Erie Insurance Company, Appellant. (Action No. 2.)

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Rupp Baase Pfalzgraf Cunningham LLC, Buffalo (Marco Cercone of counsel), for appellant.
The Clements Firm, Glens Falls (Thomas G. Clements of counsel), for Daniel F. Imrie II, respondent.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Lia B. Mitchell of counsel), for Jeffrey D. Howard and another, respondents.

Lynch, J.
Appeals (1) from an order and a judgment of the Supreme Court (Auffredou, J.), entered January 22, 2021 in Warren County, which, upon remittal, granted plaintiff's application for an award of damages, and (2) from an order of said court, entered June 4, 2021 in Warren County, which, in action No. 2, denied a motion by defendant Erie Insurance Company to vacate a prior order.
This case comes to us for a third time and the facts are more fully set forth in our prior decisions (187 AD3d 1344 [2020]; 145 AD3d 1358 [2016]). As relevant here, on the most recent appeal of this matter, we reversed so much of a May 2019 Supreme Court order as denied plaintiff's motion for partial summary judgment seeking to reform a property insurance policy to name plaintiff as mortgagee of the insured premises, which had been destroyed in a fire (187 AD3d at 1349). Finding that there was a mutual mistake in failing to name plaintiff as mortgagee, we concluded that "plaintiff's motion for partial summary judgment reforming the property policy and awarding him damages to the extent of his rights under that policy should have been granted" (id. at 1350 [emphasis added]). We granted plaintiff's motion accordingly and "remitted [the matter] to the Supreme Court for further proceedings not inconsistent with [our] decision" (id. at 1352).
On remittal, plaintiff submitted a proposed judgment and bill of costs to Supreme Court requesting $226,446.17 in policy proceeds purportedly owed to him under the policy. In support, plaintiff's attorney submitted a letter averring that the measure of his damages was the lesser of: (1) the face amount of the property insurance policy; (2) the diminution in value of the mortgaged property caused by the fire; or (3) the amount of plaintiff's secured debt at the time of the fire. Plaintiff ultimately sought the amount of the secured debt, submitting as "proof" of his entitlement thereto an affidavit he had offered in support of his motion for summary judgment submitted in 2018.[FN1] In opposition, defendant Erie Insurance Company — the entity that issued the subject policy — argued, among other things, that plaintiff's damages were "unresolved" and that a jury trial should be held on the matter.
By order entered January 22, 2021, Supreme Court denied Erie's request for a trial on damages, interpreting this Court's most recent decision as holding that plaintiff was entitled to the relief he requested in his motion for partial summary judgment — i.e., $241,000, representing the diminution in value of the mortgaged property caused by the fire — even though that is not the amount plaintiff sought in his proposed judgment. Accordingly, the court concurrently entered a judgment awarding plaintiff $241,000.00 in policy proceeds, plus interest at a rate of 7% from July 31, 2013, the date of the fire.
Meanwhile, Erie moved pursuant to CPLR 5015 (a) (5) to reinstate its cross claim, asserted in proceeding No. 2, seeking common-law and contractual [*2]indemnification from defendants Jeffrey D. Howard and Adirondack Regional Insurance Agency, Inc. (hereinafter the Adirondack defendants) — the insurance brokers who procured the subject policy. That cross claim had been dismissed by Supreme Court in the May 2019 order dismissing the amended complaint. By decision and order entered June 4, 2021, Supreme Court denied the motion for reinstatement under CPLR 5015 (a) (5), finding, among other things, that this Court never disturbed the finding that the Adirondack defendants were entitled to summary judgment dismissing the amended complaint, which included a request for dismissal of Erie's cross claim, and, therefore, did not "completely destroy[] the foundation" for the dismissal of such cross claim. Erie appeals from the order and the judgment entered in January 2021, and the order entered in June 2021.
Erie contends that it is entitled to a jury trial on the issue of damages due under the property policy and that Supreme Court prematurely issued the January 2021 judgment in the absence of an evidence-based evaluation (see CPLR 3211 [c]). Plaintiff counters that Erie's appeal is precluded under CPLR 5701 (a) (1) because the issue of damages was finally resolved by our decision on the prior appeal and Supreme Court's judgment merely implemented our determination. We reject plaintiff's contention and find that Erie's appeal is properly before us.
Under CPLR 5701 (a) (1), a party may take an appeal as of right "from any final or interlocutory judgment except one entered subsequent to an order of the appellate division which disposes of all the issues in the action" (see Matter of Community Related Servs., Inc. [CRS] v New York State Dept. of Health, 151 AD3d 429, 431 [2017], lv dismissed 30 NY3d 1038 [2017]; Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co. of Pittsburgh, Pa., 2 AD3d 109, 109 [2003], lv dismissed 1 NY3d 622 [2004]). Contrary to Supreme Court's interpretation of our most recent decision in this matter, we did not conclude that plaintiff was entitled to a specific damages award. Rather, we held that plaintiff was entitled to "damages to the extent of his rights under [the property insurance] policy" (187 AD3d at 1350 [emphasis added]). Our decision did not make any findings on the damages issue, instead contemplating a review of plaintiff's rights under the property insurance policy to make that assessment. As such, Erie's appeal from the January 2021 order and judgment is not precluded by CPLR 5701 (a) (1).
Turning to whether Supreme Court prematurely awarded plaintiff damages in the absence of a trial on the issue, the property insurance policy provides that "[l]oss shall be payable to mortgagees named in the [d]eclarations, to the extent of their interest," and "[p]olicy conditions relating to [appraisal and loss payment] apply to the mortgagee" (internal quotation marks omitted; see Insurance Law § 3404). The "loss payment" section of the policy [*3]specifies that the insurer "will not pay
. . . more than [the mortgagee's] financial interest in the covered property." Further, the insurer has several options with respect to payments for loss to the property, including to (1) "[p]ay the value of that part of the damaged property"; (2) "[p]ay the cost to repair or replace that part of the damaged property"; (3) "[t]ake all or part of the damaged property at an agreed or appraised value"; or (4) "[r]epair or replace that part of the damaged property with material of like kind and quality." Notably, the dispute here centers on option one. The value of the lost or damaged property is to be determined "in accordance with the applicable terms of the [v]aluation [c]ondition in this coverage form or any applicable provision which amends or supersedes the [v]aluation [c]ondition." Under the valuation condition, the value of the property in the event of a loss is defined as the "actual cash value at the time of the 'loss,' except as provided elsewhere in this policy."
What this translates to is that the insurer is obligated to provide coverage for the value of the loss to the property occasioned by the fire, within the policy limits (see Grady v Utica Mut. Ins. Co., 69 AD2d 668, 673 [1979]). At the same time, a mortgagee is entitled to recover damages only to the extent of his or her interest in the property (see id.). In this context, the measure of damages is based on the lowest of three amounts: (1) the face value of the policy; (2) the actual cash value of the property at the time of the loss; or (3) the amount of plaintiff's mortgage lien (see PJI 4:49; Grady v Utica Mut. Ins. Co., 69 AD2d at 674-677). "Actual cash value is not defined either in the policy or decisional law by any fixed standard. Rather, under the rule enunciated in McAnarney v Newark Fire Ins. Co. (247 NY 176, 184 [1928]), the contract is to 'indemnify the assured, that is, save him [or her] harmless or put him [or her] in as good a condition so far as practicable as he [or she] would have been if no fire had occurred'" (2B NY PJI3d 4:49 at 450-451 [2022], quoting McAnarney v Newark Fire Ins. Co., 247 NY at 184). In other words, the "actual cash value" component speaks to the diminution in value of the property as a result of the fire.
"To justify an award of damages, the insured must prove the nature, extent and amount of its loss under the policy to a reasonable degree of certainty" (Simplexdiam, Inc. v Brockbank, 283 AD2d 34, 38 [2001] [citation omitted]). That proof has yet to be submitted. On remittal, plaintiff's attorney submitted a letter to Supreme Court outlining the purported loss, premised on affidavits previously submitted by plaintiff and his attorney in 2018 with respect to plaintiff's summary judgment motion. In his affidavit, however, plaintiff premised his valuation of the loss on the qualifier, "I am informed that the proper measure of my base claim against [Erie] is . . .," without otherwise establishing [*4]a foundational basis for his conclusion (emphasis added). That representation is particularly deficient with respect to determining the value of damages caused by the fire. Nor does the attorney's letter constitute sufficient proof to support Supreme Court's damages determination (see generally Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). As the issue of damages requires an evidence-based valuation (see generally McAnarney v Newark Fire Ins. Co., 247 NY at 184), a trial is required (see CPLR 3211 [c]; Caplan v Tofel, 33 AD3d 748, 749-750 [2006]; Peer Jewelry Mfg. Corp. v Insurance Co. of N. Am., 67 AD2d 887, 887 [1979]). We therefore reverse the January 2021 order and judgment and remit the matter accordingly.[FN2]
As for the denial of Erie's motion to reinstate its cross claim for indemnification against the Adirondack defendants, CPLR 5015 (a) (5) provides that a party may be relieved from a judgment or order of the court "upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . reversal, modification or vacatur of a prior judgment or order upon which it is based." Whether reinstatement should be granted is a matter reserved to the sound discretion of the trial court (see Springer v Clark Publ. Co., 191 AD2d 922, 923-924 [1993], lv dismissed 82 NY2d 706 [1993]). "Before an order . . . may be overturned as an abuse of that discretion [under CPLR 5015 (a) (5)], it must be abundantly clear that the foundation upon which dismissal of the [underlying claim] was based has been completely destroyed by the intervening [Appellate Division] order" (Springer v Clark Publ. Co., 191 AD2d at 924; see Frank L. Ciminelli Constr. Co. v City of Buffalo, 110 AD2d 1075, 1076 [1985]).
In its May 2019 order, Supreme Court denied the respective motions of both plaintiff and the Adirondack defendants for reformation of the property policy. Correspondingly, the court granted so much of the Adirondack defendants' motion for summary judgment dismissing the complaints in both actions and Erie's cross claim. In so doing, Supreme Court concluded that the Adirondack defendants "did not owe any duty to plaintiff, who was not their customer," and, thus, were not negligent in failing to name plaintiff as mortgagee on the property insurance policy. Supreme Court also found that the Adirondack defendants' "alleged negligence in not adding plaintiff as loss payee on the policy as mortgagee was not the proximate cause of . . . plaintiff's inability to recover on the policy; rather the failure of the named insured, [defendant] Ratto Restorations, to cooperate with Erie in its investigation, was."
Beyond finding that both Erie and the Adirondack defendants made a mistake in not adding plaintiff as a mortgagee on the property policy, this Court further explained that plaintiff's status as the mortgagee "'creates an independent insurance of [his] interest just as if he had received a separate [*5]policy from the company . . . free from invalidation by the latter's act or neglect'" (187 AD3d at 1349-1350, quoting Syracuse Sav. Bank v Yorkshire Ins. Co., Ltd., 301 NY 403, 407 [1950]). As such, plaintiff's right to recover under the policy was "not affected by Erie's defense of alleged noncooperation by Ratto and/or the corporation" (187 AD3d at 1350). It follows that Supreme Court's proximate cause analysis does not apply. That said, this Court also determined that Erie failed to identify a triable issue of fact "that it would not have accepted the risk of providing coverage to plaintiff as mortgagee" (187 AD3d at 1348). For this reason, we conclude that Supreme Court did not abuse its discretion in denying Erie's motion to reinstate its cross claim.
Garry, P.J., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order and the judgment entered January 22, 2021 are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.
ORDERED that the order entered June 4, 2021 is affirmed, without costs.

Footnotes

Footnote 1: In his motion for summary judgment, however, plaintiff sought to recover the diminution in value of the mortgaged property caused by the fire — i.e., $241,000.00. The discrepancy in these numbers resulted from the fact that, after submitting his motion for summary judgment, plaintiff learned that the amount of his secured debt should be measured as of the date of the fire, not as of the time of judgment as he originally believed. Because the amount of the secured debt represented the lowest measure of damages, the proposed judgment sought to recover the amount of the secured debt.

Footnote 2: It follows that, because there has not been a full and fair opportunity to litigate the issue, plaintiff's contention that defendant's "appeal is also barred by the doctrine of collateral estoppel [insofar as] Erie did not contest [plaintiff's] proof of damages before Supreme Court in 2018" is unavailing (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985]).