Parrino v People of the State of New York (2022 NY Slip Op 06484)

Parrino v People of the State of New York

2022 NY Slip Op 06484

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-06156
 (Index No. 1929/14)

[*1]Robert Parrino, appellant, 
v
People of the State of New York, et al., respondents.

J. Lee Snead, Bellport, NY, for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Philip J. Levitz of counsel), for respondents People of the State of New York and New York State Department of Environmental Conservation.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondent County of Suffolk.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring, among other things, that the plaintiff has fee simple title to the subject properties, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated April 22, 2019. The order denied the plaintiff's motion for summary judgment on the first, second, and third causes of action, and granted the motion of the defendants People of the State of New York and New York State Department of Environmental Conservation, and the separate motion of the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against each of them and, in effect, for declarations in favor of each of them.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.
Prior to 1884, New York State owned the underwater lands of the Peconic and Gardiner's bays, except for certain lands that had already been granted or reserved (see generally Dicanio v Incorporated Vil. of Nissequogue, 189 AD2d 223, 227). In 1884, the State granted title to those underwater lands of Peconic and Gardiner's bays to the County of Suffolk, subject to the condition that if the land ceased to be used "for the purposes of oyster culture," it would revert back to the State (see L 1884, ch 385, § 1).
In 2004, Paradise Point Oyster Farms, Inc., which the plaintiff owned, purchased two underwater lots in Gardiner's bay. Paradise Point Oyster Farms, Inc., conveyed the lots to the plaintiff by deed dated December 12, 2008. In 2014, the plaintiff commenced this action seeking, among other things, a judgment declaring that he has fee simple title to the subject lots and that he [*2]is not required to obtain a permit from the New York State Department of Environmental Conservation or a permit or lease from the County of Suffolk and that he could cultivate and harvest any type of shellfish by any method he chose. The County moved, and the People of the State of New York and New York State Department of Environmental Conservation separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them and, in effect, for declarations in favor of each of them. The plaintiff moved for summary judgment on the first, second, and third causes of action seeking declaratory judgments regarding his ownership and use of the subject lots. By order dated April 22, 2019, the Supreme Court granted the defendants' motions and denied the plaintiff's motion. The plaintiff appeals, and we affirm.
The State may convey a fee interest in lands under water to an individual or corporation (see Matter of Long Sault Dev. Co. v Kennedy, 212 NY 1, 8; Turiano v State of New York, 136 Misc 2d 596, 599-600 [Ct Cl]). However, such grants should be construed strictly, and "nothing is granted thereby unless expressly" (Lewis Blue Point Oyster Cultivation Co. v Briggs, 129 App Div 574, 577, affd 198 NY 287, affd 229 US 82). Here, a provision was made by the State for forfeiture or reverter in the event the land ceased to be used "for the purposes of oyster culture," thus the plaintiff did not acquire title to the subject lots in fee simple (see Trustees of Calvary Presbyt. Church of Buffalo v Putnam, 221 App Div 502, 504, affd 249 NY 111; Jamieson & Bond Co. v Reynolds, 174 App Div 78, 81; cf. Allen v Trustees of Great Neck Free Church, 240 App Div 206, affd 265 NY 570).
Moreover, contrary to the plaintiff's contention, the defendants have the right to regulate the planting and taking of shellfish with respect to the subject lots (see ECL § 13-0302).
The defendants' contention that this action is time-barred is not properly before this Court (see Mannino v Passalacqua, 172 AD3d 1190, 1194; Graham v City of New York, 136 AD3d 747, 749; Chunnulal v Rosen, 56 AD3d 409, 409).
Accordingly, we affirm the order.
Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court