Mallek v. Allstate Insurance Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-three.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **REENA RAGGI,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.*

---

Eva Mallek,

      *Plaintiff-Appellee*,

    v.                                   **22-86**

Allstate Insurance Company,

      *Defendant-Appellant*,

Kevin Schaefer, Allstate Agent and Representative for Allstate, John Doe, Jane Doe, as all other Consultants Representing Allstate,

      *Defendants*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | No brief. |
| **FOR DEFENDANT-APPELLANT:** | THOMAS H. CELLILLI III (Heidi Kuffel, *on* |

*the brief*), Skarzynski Marick & Black LLP,
New York, NY and Chicago, IL.

Appeal from a December 20, 2021 judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** solely as to the amount of damages and **AFFIRMED** in remaining part, and the matter is **REMANDED** for further proceedings.

Appellant Allstate Insurance Company ("Allstate") appeals the district court's judgment, which granted summary judgment to Appellee Eva Mallek ("Mallek") on her breach of contract claim and awarded her $358,000 in damages. Because we write primarily for the parties, we assume familiarity with the underlying facts, procedural history, and issues on appeal, and we briefly recite only what is necessary to explain our decision.

Mallek sued Allstate for breach of contract for refusing to pay her insurance claim after a fire destroyed a house she owned (but did not occupy). Allstate refused to pay because (among other reasons not now relevant) Mallek, the only named insured on the policy, did not reside at the house as the policy required. The parties cross-moved for summary judgment. In November 2020, the district court granted summary judgment to Allstate on certain claims not now relevant but denied summary judgment to both parties as to Mallek's breach of contract claim, despite concluding that Allstate had not offered any evidence to counter Mallek's sworn testimony that Allstate did not provide her a copy of the Standard Homeowners Policy (containing the residency requirement) before the fire. *See Mallek v. Allstate Indem. Co.*, No. 17-CV-5949 (KAM), 2020 WL 6873434 (E.D.N.Y. Nov. 23, 2020).

In October 2021, a month before trial was set to begin, the district court (relying on Federal Rule of Civil Procedure 60(b)(6)) ordered Allstate to show cause why the court should not vacate the denial of Mallek's summary judgment motion and grant summary judgment to her on the breach of contract claim based on Allstate's failure to rebut her sworn testimony that Allstate failed to deliver a copy of the Standard Homeowners Policy to her before her loss. In its response, Allstate did not proffer any evidence that it delivered the policy before Mallek's loss. Allstate did, however, raise the new legal argument that the district court should have granted summary judgment to Allstate on the breach of contract claim on the ground that the policy's incorporation by reference in renewal declarations mailed to Mallek was sufficient to bind her to the policy's terms without actual delivery of the policy. The district court rejected this new argument, and also concluded that Allstate waived the argument by failing to raise it during the initial summary judgment briefing. Accordingly, the court granted summary judgment to Mallek on the breach of contract claim and awarded her $358,000 in damages, *i.e.*, the face amount of the policy.

We review a grant of summary judgment de novo. *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

We first address Allstate's procedural arguments that the district court erred by *sua sponte* vacating its November 2020 denial of summary judgment to Mallek under Rule 60(b)(6) and by granting summary judgment to her even though she had not complied with the district court's local rule requiring a party moving for summary judgment to submit a statement of undisputed material facts. Both arguments fail.

As to the first procedural argument, Allstate is correct that the district court should not have relied on Rule 60(b) to reconsider the November 2020 order because that rule applies only to relief

3

from a "final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b); *see also In re U.S. Lines, Inc.*, 216 F.3d 228, 235 (2d Cir. 2000) (holding that the district court erred in reconsidering, under Rule 60, an order that was not final); *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 529 (2d Cir. 1999) (holding that an order denying summary judgment is not final).  Nevertheless, the district court's reconsideration of the November 2020 order was proper under Rule 54(b), which provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); *see also, e.g.*, *Acha v. Beame*, 570 F.2d 57, 63 (2d Cir. 1978); *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 381 F. Supp. 3d 185, 209 n.36 (N.D.N.Y. 2019), *aff'd*, 7 F.4th 50 (2d Cir. 2021).  The district court correctly revised its earlier decision to correct a clear error of law, as permitted by the law of the case doctrine.  *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (noting that Rule 54(b) operates "within the strictures of the law of the case doctrine"); *see also Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (permitting reconsideration to account for "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice").

The second procedural argument fails because the district court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules" and "may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file . . . a statement [of undisputed material facts]."  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73

4

(2d Cir. 2001) (internal quotation marks omitted).

Allstate next makes two substantive arguments challenging the district court's summary judgment ruling. It first argues that the district court should have granted summary judgment to Allstate because the 2015 renewal mailing incorporated the Standard Homeowners Policy by reference, and that was sufficient under New York law to bind Mallek to the policy's terms. Allstate next argues that it established the existence of a genuine issue of material fact as to whether it notified Mallek of the residency requirement before her loss. We reject both arguments.

As to incorporation by reference, Allstate did not raise the argument on summary judgment. By raising this argument for the first time in its response to the order to show cause, Allstate effectively sought reconsideration of the denial of its own summary judgment motion. Because a new argument may not be raised in a motion for reconsideration, "we need not reach this issue which, since it was not properly raised in the district court, is not properly before us." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115–16 (2d Cir. 2001).[1]

As to Allstate's second substantive argument, the district court properly granted summary judgment to Mallek because Allstate did not submit any evidence on summary judgment to rebut Mallek's sworn testimony that Allstate did not provide her a copy of the Standard Homeowners Policy prior to her loss. *See Brown v. Eli Lilly and Co.*, 654 F.3d 347, 358 (2d Cir. 2011) ("Where

---

[1] To be sure, we have discretion to consider arguments that were waived below. *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (per curiam). But Allstate does not advance any persuasive reason why we should reach its belated incorporation-by-reference argument: indeed, even though the district court deemed this argument waived, Allstate does not address the issue of waiver in its appellate brief. Because we conclude that Allstate waived its incorporation-by-reference argument, we need not and do not express any view as to the merits of the argument.

5

the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." (internal quotation marks and citations omitted)). Even considering Allstate's response to the order to show cause, it still did not submit any evidence to establish a genuine dispute of material fact. Allstate asserted that it anticipated that one of its employees would testify at trial that, according to Allstate's business records, the Standard Homeowners Policy was mailed to Mallek in 1996. But Allstate did not submit an affidavit from its employee to support that assertion, and "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam). Allstate did submit the declarations statement for Mallek's 1996 policy renewal, but that document did not establish a genuine dispute of material fact because it stated only that Mallek's policy was subject to the Standard Homeowners Policy; it did not establish that the Standard Homeowners Policy was mailed to her with the declarations statement.

Finally, Allstate argues that the district court erred in awarding Mallek the face value of her insurance policy (*i.e.*, $358,000) when she proffered no evidence in support of her damages. Allstate is correct. Under New York law, "To justify an award of damages, the insured must prove the nature, extent and amount of its loss under the policy to a reasonable degree of certainty." *Simplexdiam, Inc. v. Brockbank*, 283 A.D.2d 34, 38 (1st Dep't 2001); *see also Imrie v. Ratto*, 206 A.D.3d 1490, 1494 (3d Dep't 2022) (concluding that "the issue of damages" caused by fire "requires an evidence-based valuation"). Mallek asserted in her verified complaint that "a fire destroyed the structure and contents of her home," and Allstate did not submit any contrary evidence to raise a genuine dispute of material fact about whether Mallek's home was destroyed.

6

*See Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (explaining that "[a] verified complaint is to be treated as an affidavit for summary judgment purposes . . . ." (internal quotation marks omitted)). Nonetheless, under the policy renewal declarations (which Mallek indisputably received), the $358,000 face value of the policy was merely a limit of liability, and Mallek has not submitted evidence with respect to the cost of rebuilding or replacing her destroyed home. Thus, to be awarded the face value of the policy, Mallek must submit evidence (which Allstate may then attempt to rebut) to show that the extent of her loss was at least $358,000.

We have considered all of Allstate's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment solely as to the amount of damages, **AFFIRM** in remaining part, and **REMAND** for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court