Parrino v People (2025 NY Slip Op 04014)

Parrino v People

2025 NY Slip Op 04014

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-05018
 (Index No. 1929/14)

[*1]Robert Parrino, appellant, 
v
People of State of New York, et al., respondents.

Weber Law Group LLP, Melville, NY (Jason A. Stern of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Philip J. Levitz and Anagha Sundararajan of counsel), for respondents People of the State of New York and New York State Department of Environmental Conservation.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Lisa Azzato of counsel) for respondent County of Suffolk.
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring, among other things, that the plaintiff has fee simple title to the subject properties, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), entered February 23, 2023. The judgment, upon an order of the same court dated April 22, 2019, inter alia, granting the separate motions of the defendants People of the State of New York and New York State Department of Environmental Conservation and the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against each of them and, in effect, for declarations in favor of each of them, and upon remittitur from this Court by decision and order dated November 11, 2022 (see Parrino v People, 210 AD3d 898), is in favor of the defendants and against the plaintiff dismissing the amended complaint and declaring, among other things, that the plaintiff does not have fee simple title to the subject properties.

DECISION & ORDER
Motion by the respondent County of Suffolk to dismiss the appeal on the ground the merits of this appeal were adjudicated in a prior appeal. By decision and order on motion of this Court dated December 22, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 for a judgment declaring, among other things, that he has fee simple title to certain underwater lots in Gardiner's bay (hereinafter the subject lots) and that he is not required to obtain any permit or lease to harvest shellfish from those lots, whether by use of hydraulic dredging or other harvesting means. In an order dated April 22, 2019, the Supreme Court, inter alia, granted the separate motions of the defendants People of the State of New York and New York State Department of Environmental Conservation and the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against each of them and, in effect, for declarations in favor of each of them. In that order, the court determined, among other things, that the record did not support the plaintiff's assertion that he was the fee simple owner of the subject lots, with the "unfettered right to harvest shellfish . . . in whatever manner [he] determine[s]."
The plaintiff appealed from the order dated April 22, 2019. In a decision and order dated November 11, 2022 (see Parrino v People, 210 AD3d 898), this Court affirmed the order and remitted the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making declarations in accordance with the decision and order.
In a judgment entered February 23, 2023, made upon remittitur, the Supreme Court dismissed the amended complaint and declared, among other things, that the plaintiff does not have fee simple title to the subject lots and that the defendants had the right to make conditional grants of underwater lands, including the subject lots, "for the purposes of oyster culture." The plaintiff appeals from the judgment.
Pursuant to CPLR 5701(a)(1), "[a]n appeal may be taken to the appellate division as of right in an action, originating in the supreme court or a county court[,] from any final or interlocutory judgment except one entered subsequent to an order of the appellate division which disposes of all the issues in the action" (emphasis added).
Here, this Court's decision and order on the prior appeal "dispose[d] of all the issues in the action" (id.) by determining, inter alia, that the defendants were entitled to summary judgment dismissing the complaint insofar as asserted against each of them, and remitting the matter to the Supreme Court, Suffolk County, for the entry of a judgment, among other things, making declarations in accordance therewith (see Parrino v People, 210 AD3d at 899-900). Thus, "[w]ere we to consider this appeal on its merits, this Court would be in the untenable position of reviewing its own order from the prior appeal" (Powell v City of New York, 146 AD3d 701, 702).
Contrary to the plaintiff's contention, the judgment is not reviewable on the ground that it "exceeds the scope of this Court's Decision." The declarations made in the judgment were consistent with this Court's determination on the prior appeal to affirm the order dated April 22, 2019, and to remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making declarations in accordance with this Court's decision and order.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court