George A. Arkwright, J.
This is a motion pursuant to CPLR 5015 (subd. [a], par. 5) to relieve the defendant and third-party plaintiff, Howard Fulton Street, Inc., from so much of a judgment previously entered herein as found against the third-party plaintiff and in favor of the third-party defendant, Brentwood Sportswear, Inc., and to rejoin the third-party action (which has been severed by the Appellate Division of this Department [20 A D 2d 555]) with the main action for the purpose of retrial.
In the original action, in negligence, the plaintiff alleged that in July, 1955, while he was wearing a sport shirt which he had purchased from the defendant at its store for men’s furnishings and while he was near an open-air grill in which a fire was burning, a spark came in contact with the shirt, causing the latter to become ablaze, thus injuring the plaintiff severely. He alleged that the material was highly flammable, was not as impliedly warranted fit for its intended use, and was not of merchantable quality. The defendant as a third-party plaintiff brought in the third-party defendant, Brentwood Sportswear, Inc., the manufacturer of the shirt, from which it alleged it had purchased the same. It also alleged that Brentwood Sportswear, Inc., knew that the shirt was to be sold to the general public and that it warranted and represented that it was of merchantable quality and fit for the purpose and use intended, upon all of which the third-party plaintiff had relied,
*219 The two actions were tried together at a Trial Term before a learned Justice of this court in about April, 1962 and resulted in a jury verdict for the defendant in the main action and a direction of a verdict against the third-party plaintiff and in favor of the third-party defendant, Brentwood Sportswear, Inc. A judgment was entered thereon on May 7,1962 by the attorneys for the defendant-third-party plaintiff, after copies of the proposed judgment had been served by them upon the attorneys for the plaintiff and the attorneys for the third-party defendant. The time for the third-party plaintiff to appeal ran from the date of the entry of the judgment (Civ. Prac. Act, § 612 then in effect).
On May 17, 1962, a notice of appeal to the Appellate Division of this Department was served by the plaintiff’s attorney on the attorney for the defendant, Howard Fulton Street, Inc., also the third-party plaintiff. The latter served no notice of appeal from that part of the judgment entered upon the verdict directed in favor of Brentwood Sportswear, Inc.
On December 16, 1963, the Appellate Division made an order on the appeal unanimously reversing the judgment insofar as appealed from, i.e., as to the main action, severing the third-party action and ordering a new trial on the original action. A judgment was made thereon and filed on March 20, 1964.
In the case of Rupp v. New York City Tr. Auth. (15 A D 2d 800), the plaintiffs appealed from the order of the Appellate Term of the Supreme Court, which reversed a judgment of the City Court which had found in favor of the plaintiffs against the defendant city in a negligence case and in favor of the city on its third-party complaint against the third-party defendant Marcam, and directed a new trial as to all parties. Only the plaintiffs appealed to the Appellate Division, which reversed the order of the Appellate Term insofar as it related to the plaintiffs and their action against the defendant city. Since the city did not appeal from the order of the Appellate Term and did not file a stipulation for judgment absolute, the Appellate Division decided it could not reinstate the judgment over in favor of the city against Marcam but remitted it to the City Court for appropriate action.
It therefore appears from the above that a defendant-third-party plaintiff is not precluded under all circumstances from further remedy if it does not file a notice of appeal (see, also, Annat v. Beard, 277 F. 2d 554).
CPLR 5015 (subd. [a], par. 5) provides that the “court which rendered a judgment or order may relieve a party from *220 it upon, such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: * * * 5. reversal, modification or vacatur of a prior judgment or order upon which it is based.”
In the instant case, there was a prior judgment which has been reversed. With that reversal, the foundation on which the third-party judgment had been based has been destroyed and the vacatur of the existing third-party judgment out of plain justice is demanded.
It will be noted further that CPLR 104 sets forth that the said law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.
The judgment entered herein on May 7, 1962, insofar as it pertains to the third-party action, is vacated and set aside; and the third-party action is rejoined with the original action.