■ In the Matter of LEONARD ALLEN v. PATRICK V. MURPHY. In the Matter of CHARLES W. LEIGH v. PATRICK V. MURPHY.— Motion to vacate the orders of this court entered September 30, 1971 granted and the prior orders of the court entered June 29, 1971 are reinstated to the extent of annulling respondent's determinations dismissing the petitioners and remanding for further proceedings consistent herewith. The underlying article 78 proceeding brought to review respondent's determinations dismissing petitioners from the police force was first considered by this court in conjunction with a related criminal proceeding. Initially, we affirmed an order in the criminal proceeding which granted suppression with respect to certain evidence obtained in violation of section 605 of the Federal Communications Act (U. S. Code, tit. 47, § 605). (*People* v. *Trief,* 37 A D 2d 553.) Accordingly, in the article 78 proceeding we similarly held that the evidence should not have been considered at the police departmental trial (*Matter of Finn's Liq. Shop* v. *State Liq. Auth.,* 24 N Y 2d 647) and the Police Commissioner's determinations were annulled and the matters remanded for further proceedings (*Matter of Allen* v. *Murphy,* 37 A D 2d 117; orders entered June 29, 1971). Subsequently, the Court of Appeals in *People* v. *Feinlowitz* (29 N Y 2d 176) held in effect, that the Omnibus Crime Control and Safe Streets Act of 1968 (U. S. Code, tit. 18, § 2511 *et seq.*) sanctioned the use of evidence obtained pursuant to wiretaps authorized prior to its effective date so long as there was substantial compliance with the provisions of that act. A motion for reargument was thereupon granted in *People* v. *Trief* (37 A D 2d 771, *supra*), and upon reargument, the order granting suppression was reversed, the motion was denied and the matter was remitted for consideration of "the validity of the specific wiretap orders in question, taking into account the affidavits upon which they were based and the procedure followed in obtaining them." (*People* v. *Trief, supra.*) Based in part upon such reversal and the denial of the motion to suppress and further, upon the initial conclusion that the evidence would be admissible under the standards enunciated in *People* v. *Feinlowitz* (*supra*), the orders entered June 29, 1971 in the article 78 proceeding were vacated and by orders entered September 30, 1971 the Police Commissioner's determinations were confirmed. Pursuant to this court's remand in *People* v. *Trief* (*supra*) a suppression hearing was held and it was determined that the wiretap orders were properly issued and accordingly, suppression was denied. Following denial of the motion to suppress, various of the defendants pleaded guilty to conspiracy to commit the crime of taking unlawful fees. Petitioners Leigh and Allen proceeded to trial and were found guilty of the same charge. Finally, the defendants, in the criminal proceeding, appealed the judgments of conviction and upon appeal this court held that the wiretap orders were improperly issued since the affidavits submitted in support of those applications "failed to meet even the stricken standards of section 813-a of the Code of Criminal Procedure", and the motion

to suppress was therefore granted. (*People* v. *Koutnik*, 44 A D 2d 48.) It is not disputed that the wiretap orders which this court found invalid in *People* v. *Koutnik* (*supra*), included the very same orders involved in the police departmental hearings and that the evidence offered at those hearings, emanated, at least in part, from execution of those orders. Throughout these entire proceedings this court has considered the criminal and article 78 proceedings together in an attempt to achieve a uniform and just result. It is apparent that the orders of this court entered September 30, 1971 which confirmed the respondent's determinations were based in substantial part upon the decision in *People* v. *Trief* (*supra*), wherein the order granting suppression was reversed and the motion denied. Subsequently, when this court decided in *People* v. *Koutnik* (*supra*) that the wiretap orders were improperly issued and that the motions to suppress should have been granted, the very foundation for the orders entered September 30, 1971 was removed. (Cf. *Feldberg* v. *Howard Fulton St.*, 44 Misc 2d 218, affd. 24 A D 2d 704, affd. 16 N Y 2d 1041.) Accordingly, pursuant to CPLR 5015 (subd. [a], par. 5) which provides that a " court which rendered a judgment or order may relieve a party from it * * * upon the ground of * * * /reversal, modification or vacatur of a prior judgment or order upon which it is based ", and upon the inherent power of the court to vacate its own orders in the interest of justice (see *McCarthy* v. *Port of N. Y. Auth.*, 21 A D 2d 125; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.12), the motion is granted, the orders entered September 30, 1971 are vacated and the orders entered June 29, 1971 are reinstated to the extent of annulling the respondent's determinations and the matter remanded for further proceedings consistent herewith. Concur — McGivern, P. J., Markewich, Tilzer and Capozzoli, JJ.

(REPUBLISHED)