■ BERTHA ALVAREZ, Respondent, v FIAT REALTY CORPORATION, Respondent-Appellant, and ARMOR ELEVATOR CO., INC., Appellant-Respondent.—Order of the Supreme Court, New York County (Eugene Nardelli, J.), entered on or about October 27, 1988, which granted plaintiff's motion for an order vacating a prior order of the court, entered on or about September 22, 1988, which prior order dismissed plaintiff's complaint as against defendant Armor and severed the plaintiff's cause of action against defendant Fiat, with vacatur conditioned on the payment by plaintiff's counsel of $250 to counsel for defendant Armor and $250 to counsel for defendant Fiat, and on plaintiff's responding fully to Armor's notice of discovery and inspection, with a provision that an order be settled with respect to defendant Fiat if payment is not made and an order be settled covering both defendants if plaintiff does not respond to said notice, is unanimously affirmed, with costs. The cross appeal of defendant Fiat Realty is dismissed, without costs.

Contrary to the arguments of the parties on appeal, the order on appeal was not a vacatur of a default order or the grant of reargument of a prior motion for dismissal, but vacatur of an order dismissing the complaint as a sanction for noncompliance with discovery under CPLR 3126. A court has the inherent power, in the interest of justice, to vacate a prior order *(Matter of Allen v Murphy,* 45 AD2d 693, 694 [1st Dept 1974]). The motion court, under the circumstances of this case, did not abuse its discretion and appropriately gave the plaintiff one final opportunity to respond to Armor's notice of discovery and inspection *(Zletz v Vilca,* 144 AD2d 300 [1st

Dept 1988]). The order vacated had not been a dismissal as against defendant Fiat which, accordingly, is not an aggrieved party (CPLR 5511). Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.