Wohnberger v Lucani (2023 NY Slip Op 01758)

Wohnberger v Lucani

2023 NY Slip Op 01758

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 157218/14 Appeal No. 17404 Case No. 2022-00794 

[*1]Susanne Wohnberger, Plaintiff-Appellant,
v
Jerome Lucani, Defendant-Respondent, Keszler Gallery, Defendant.

Czik Law PLLC, New York (Steven J. Czik of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Jeffrey A. Miller of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 29, 2021, which denied plaintiff's motion to vacate a prior order, same court and Justice, entered June 30, 2021, dismissing the complaint without prejudice, and to restore the action to the calendar, unanimously reversed, on the law, with costs, the motion granted, and the complaint reinstated.
Plaintiff commenced this breach of contract action in 2014 and defendant filed an amended answer in 2016. Despite plaintiff not actively prosecuting her claim for about six years, Supreme Court issued a March 29, 2021 order of reference to the commercial Division ADR Program. Plaintiff appeared at a court-ordered mediation session on June 3, 2021 with counsel and her nonparty business partner and fiancÉ who attempted to act as her representative. Plaintiff's purported representative's conduct during and after the mediation prompted the mediator to document what transpired the next day by email directed to the ADR Coordinator and copied to counsel for the parties.
At a court conference held three weeks later on June 24, 2021, the parties entered into a preliminary conference order (PCO) which noted "that mediation broke down due to a nonparty representative of the plaintiff." The PCO further noted that this case was commenced in 2014, that "defendant did not move to compel (CPLR 3124) [or] dismiss [the] complaint (per CPLR 3216)" and yet stated that the "complaint [was] subject to dismissal per CPLR 3216." Nonetheless, the PCO directed the parties to comply with a mutual discovery schedule marked "final," ordered that discovery be completed by October 1, 2021, and set a compliance conference for September 30, 2021.
On June 30, 2021, defense counsel forwarded the mediator's email from three weeks earlier to Supreme Court, which dismissed the complaint the same day "pursuant to CPLR 3216 and upon the plaintiff's failure to comply with ADR rules."
A trial court has inherent power, as well as statutory power under CPLR 5015, to set aside an order on appropriate grounds (see Matter of Allen v Murphy, 45 AD2d 693, 694 [1st Dept 1974]). "Vacating the dismissal order is consistent with the public policy of this State to dispose of cases on their merits and upholds the principle that a trial court's power to dismiss an action sua sponte should be used sparingly and only in extraordinary circumstances" (Melikov v 66 Overlook Terrace Corp., 211 AD3d 537, 538-539 [1st Dept 2022] [internal quotation marks and citation omitted]).
There were no extraordinary circumstances warranting the complaint's dismissal. Although the PCO cautions that the complaint was subject to dismissal for want of prosecution under CPLR 3216, no motion for such drastic relief was before the court. Moreover, the PCO contained no directive placing plaintiff on notice that her complaint potentially could be dismissed based upon the circumstances underlying the failed mediation held on June 3, 2021.
It is readily apparent that the dismissal resulted from defense counsel's email to Supreme Court forwarding the mediator's June 4, 2021 email to the ADR Coordinator. We agree that plaintiff's representative's conduct, which the dismissal order described as "disturbing, rude, and disrespectful," was egregious; nonetheless, plaintiff was never apprised of any ADR rule or related court rule(s) that she purportedly violated. Nor was plaintiff given any opportunity to refute or otherwise respond to the allegations in the mediator's email, which ostensibly prompted the dismissal.
Under these circumstances, no cognizable basis existed for the court to dismiss the complaint, and the motion to vacate the dismissal order should have been granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023