| **Wohnberger v Lucani** |
|---|
| 2024 NY Slip Op 31945(U) |
| June 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157218/2014 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. EMILY MORALES-MINERVA            PART            42M
                                          _Justice_

-------------------------------------------------------------------X

SUSANNE WOHNBERGER,

                              Plaintiff,

            - v -

JEROME P. LUCANI,

                              Defendant – movant,

KESZLER GALLERY,


                              Defendant.


-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157218/2014 |
| MOTION DATE | 01/09/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85

were read on this motion to/for            JUDGMENT - SUMMARY            .

Upon the foregoing documents, it is

APPEARANCES:

    Czik Law PLLC, New York, New York (Steven J. Czik, Esq., of counsel) for plaintiff.
    Law Office of Athas C. Ioannou, Long Island City, New York (Athas C. Ioannou, Esq., of counsel) for defendant-movant Jerome P. Lucani.


EMILY MORALES-MINERVA, J.S.C.

    In this breach of contract action, defendant-movant JEROME

P. LUCANI (defendant-movant) moves against plaintiff SUSANNE

WOHNBERGER (plaintiff), for an order, pursuant to CPLR § 3212,

granting defendant-movant summary judgment, dismissing the

claims asserted against defendant-movant in the complaint. Plaintiff submits written opposition to the motion, and defendant KESZLER GALLERY has not appeared.[1]

Upon request of plaintiff and defendant-movant, the Court scheduled oral arguments in Part 42, at 2:30 P.M. on May 9, 2024 (see NYCRR § 202.8[d] [governing motion procedure]). At the call of the calendar, both plaintiff and defendant-movant appeared, by counsel. The Court heard arguments on the subject motion, marking it submitted on the same day.

For the foregoing reasons, the defendant-movant's motion for summary judgement is granted only to the extent of dismissing plaintiff's second and fourth causes of action, and the motion is otherwise denied entirely.

BACKGROUND

Plaintiff SUSANNE WOHNBERGER and defendant-movant JEROME P. LUCANI executed a contract, dated October 18, 2007, "for the production and subsequent sale of artwork" (see NY St Elec Filing [NYSCEF] Doc No. 25, chapter 1 and chapter 5). In the contract, plaintiff agreed to provide defendant-movant with

_____

[1] The record contains no proof that plaintiff executed service of the summons and complaint on defendant KESZLER GALLERY.

**157218/2014  WOHNBERGER, SUSANNE vs. LUCANI, JEROME P.**
**Motion No.  002**

**Page 2 of 9**

2 of 9

[* 2]

$70,000.00 in financing for his production of at least seven paintings within "4 to 6 month[s]" from the date of the contract (id. chapter 6).

In exchange for the $70,000.00, defendant-movant agreed to grant plaintiff a "50% stake in the pieces produced" and a return of the amount she invested (id., chap 2). In addition, plaintiff and defendant-movant agreed that plaintiff would get "a 15% commission on the profit of any new commissioned pieces generated during the exhibition(s) of the pieces produced" (id., chap. 3). The parties further agreed that, at plaintiff's discretion, she would become "a preferential partner on further project [sic] for an additional 24 month [sic] from the date of the first exhibition of the pieces produced through the contract" (id. chapter 4).

Following execution of the subject contract, plaintiff paid defendant-movant $70,000.00 to finance the art pieces. However, defendant-movant has yet to produce a minimum of seven paintings. Defendant-movant produced only a total of six works and the time of their production is not established on this record.

It is undisputed that defendant-movant moved outside of the country prior to the paintings being due, and plaintiff was unable to reach defendant-movant for some time.

**157218/2014   WOHNBERGER, SUSANNE vs. LUCANI, JEROME P.**
**Motion No.  002**

Page 3 of 9

3 of 9

[* 3]

It is also undisputed that defendant-movant donated one of the six paintings produced.  The contract does not include any language permitting either party to donate any paintings. Defendant-movant contends that he made the donation with plaintiff's non-written approval, following the subject contract's execution.

On July 23, 2014, plaintiff filed this action for breach of contract against defendant-movant JEROME P. LUCANI and defendant KESZLER GALLERY (see NY St Elec Filing [NYSCEF] Doc No. 79). The Court (N. Bannon J.S.C.) referred the parties to alternative dispute resolution (ADR).  Upon plaintiff's failure to comply with ADR, the same court issued a decision and order, dismissing the compliant without prejudice (see Decision and Order, dated June 30, 2021 [N. Bannon, J.S.C.]).

Thereafter, plaintiff filed a motion (sequence number 001) seeking an order vacating the June 30, 2021 decision and order (N. Bannon, J.S.C.).  Upon denial of the application (see Decision and Order, dated July 28, 2021 [N. Bannon, J.S.C.]), plaintiff appealed.

The Appellate Division, First Department reversed the lower court's decision (N. Bannon, J.S.C.), reinstated plaintiff's complaint and restored the action to the lower court's calendar (see Wohnberger v Lucani, 214 AD3d 615 [1st Dept 2023]). Among other things, the governing Department

**157218/2014  WOHNBERGER, SUSANNE vs. LUCANI, JEROME P.**                    **Page 4 of 9**
**Motion No. 002**

4 of 9

[* 4]

reasoned that "there were no extraordinary circumstances warranting the complaints dismissal" (see Wohnberger 214 AD3d at 616).

Thereafter, the parties filed note of issue on November 10, 2023. Defendant-movant then filed the subject motion (sequence number 002), pursuant to CPLR § 3212, seeking an order granting it summary judgment and dismissing plaintiff's complaint as against him. On February 21, 2024, plaintiff filed opposition to the subject motion.

Defendant Keszler Gallery has neither appeared in this action nor filed opposition, and the record reflects that plaintiff did not serve Keszler Gallery with the summons and complaint.

### ANALYSIS

On a motion for an order of summary judgment, the moving party must "make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Nomura Asset Capital Corp. v. Cadwalader, Wicksham & Taft LLP, 26 NY3d 40, 49 [2015], citing Alvarez v. Prospect Hosp., 68 NY2d 320, 324 [1986]; CPLR 3212 [b]). CPLR 3212 (b) explicitly provides that said motion "be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and

**157218/2014  WOHNBERGER, SUSANNE vs. LUCANI, JEROME P.**
**Motion No.  002**

**Page 5 of 9**

5 of 9

[* 5]

written admissions." Further, the supporting "affidavit shall be by a person having personal knowledge of the facts," and shall recite all the material facts, showing that there is no defense to the action (CPRL 3223 [b]).

The burden on a motion for summary judgment is heavy, and the Court must view the facts "in the light most favorable to the non-moving party" (Jacobsen v. NY City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]; see also De Lourdes Torres v. Jones, 26 NY3d 742, 763 [2016]; William J. Jenack Estate Appraisers and Auctioneers, Inc. v. Rabizadeh, 22 NY3d 470, 475 [2013]). If there is any doubt as to the existence of a triable issue of fact, summary judgment must be denied (Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978]; Grossman v Amalgamated Hous. Corp., 298 AD2d 224, 226 [1st Dept 2002]).

Here, defendant-movant established entitlement to an order of summary judgment, dismissing plaintiff's causes of action for unjust enrichment and an injunction.

"[U]njust enrichment is not a catchall cause of action to be used when others fail" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012] [citations and quotations omitted]; see also Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). It "is available only in unusual situations" when the creation of an obligation running from the defendant to the plaintiff is necessary to prevent injustice (E.J. Brooks Co. v

**157218/2014  WOHNBERGER, SUSANNE vs. LUCANI, JEROME P.**                    **Page 6 of 9**
**Motion No. 002**

[* 6]

Cambridge Sec. Seals, 31 N.Y.3d 441, 455 [2018] [quotations and citations omitted]; IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). "An unjust enrichment claim is not available where [as here] it simply duplicates, or replaces, a conventional contract" (see Clark-Fitzpatrick, Inc. v Long Is. R. Co., 70 NY2d 382 [1987]; see also EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11 [2005] [Ciparick, J.]).

Similarly, defendant-movant's argument that the Court should dismiss plaintiff's application for an injunction appears to have merit.

Under New York law, an injunction is a "drastic remedy" that is appropriate only where a party has established (1) the likelihood of success on the merits of the pending action; (2) irreparable injury absent such relief, and (3) a balancing of equities in favor of the relief sought (NY Auto. Ins. Plan v. NY Sch. Ins. Reciprocal, 241 AD2d 313, 314 [1st Dept 1997]).

To obtain injunctive relief, a party must show "a violation of a right presently occurring, or threatened and imminent" (Lemle v Lemle, 92 AD3d 494, 500 [1st Dept 2012]). "Where the harm sought to be enjoined is contingent upon events which may not come to pass, the claim to enjoin the purported hazard is nonjusticiable as wholly speculative and abstract" (Cubas v. Martinez, 33 AD3d 96, 103 [1st Dept 2006]). Further, "[t]he

**157218/2014  WOHNBERGER, SUSANNE vs. LUCANI, JEROME P.**
**Motion No. 002**

**Page 7 of 9**

7 of 9

[* 7]

irreparable injury element is not satisfied where lost profits can be compensated with a future award of money damages" (Ave. A Assoc. LP v Bd. of Mgrs. of the Hearth House Condominium, 190 AD3d 473, 474 [1st Dept 2021]).

Here, among other things, there is no allegation of an imminent sale of the paintings and counsel for defendant-movant affirmed, on record, that counsel is in possession of the paintings and his client has no intent of selling or otherwise surrendering them to third parties.

However, regarding the causes of action sounding in breach of contract, defendant-movant makes only conclusory statements in defense. He essentially contends that his breach is excused because plaintiff failed to provide him with the necessary resources to complete the contract and because plaintiff gave him permission to donate one of the paintings to charity.

At best these arguments raise questions of fact, not conclusions of law. As defendant-movant provides no evidentiary support for these allegations, he fails to meet his burden for dismissal of the breach of contract claims (see generally Pullman v Silverman, 28 NY3d 1060, 1062 [2016] [holding, in the context of a medical malpractice action, that bare conclusory assertions "are insufficient to establish that the cause of action has no merit so as to entitle defendant to summary judgment"]).

**157218/2014  WOHNBERGER, SUSANNE vs. LUCANI, JEROME P.**                    **Page 8 of 9**
**Motion No. 002**

[* 8]

Accordingly, it is

ORDERED that defendant-movant JEROME P. LUCANI's motion (sequence number 002) for an order granting him summary judgment, dismissing the complaint is GRANTED, in part, to the extent that plaintiff SUSANNE WOHNBERGER's second cause of action for an injunction and fourth cause of action for unjust enrichment are dismissed; and it is further

ORDERED that defendant-movant JEROME P. LUCANI's motion (sequence number 002) is otherwise DENIED in its entirety.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT

| 6/04/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | EMILY MORALES-MINERVA, J.S.C. | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**157218/2014   WOHNBERGER, SUSANNE vs. LUCANI, JEROME P.**
**Motion No.  002**

Page 9 of 9

9 of 9